## HACKETT v. STEPHENS et al.

By the spanish law formerly in force in this State, a testament became void by the subsequent birth of a child. 6 Partida, tit. 1, law 20; tit. 12, law 3.

APPEAL from the District Court of East Baton Rouge, *Burk*, J. *A. M. Dunn* and *T. G. Morgan*, for the plaintiff. *G. S. Lacey*, for the appellant. The judgment of the court was pronounced by

ROST, J. This action was commenced by *Oran Hackett*, illegitimate son of *Francis Hackett*, deceased, against *Elvira Hackett*, wife of *Stephens*, and *Francis Hackett*, his legitimate children, for the recovery of a certain portion of the estate of the said *Francis Hackett*. The plaintiff claims one-fifth of the whole estate, under a will made by his father in his favor, bearing date the 2d of March, 1816, and an agreement of the defendants, alleged to have been made after the death of the testator, to give the said plaintiff one-fifth of the estate, in execution of the will. He also rests his claim upon the value of services rendered by him to the defendants, while acting as their authorized agent, in obtaining a settlement of the succession of *Francis Hackett*.

It is admitted that the claim against *Francis Hackett* has been settled, and this litigation is between the plaintiff and the other defendant *Elvira Hackett*. Her defence is that, the will on which the plaintiff relies has become null and void, by her birth and that of her brother, posterior to its date; that the plaintiff has no claim for alimony; that the plaintiff never performed the services alleged; that, if he did, they were not performed at her instance or request, and were not worth the sum claimed. The defendant further averred that if she ever made any promise to the plaintiff, it was made in error and without consideration. The husband of this defendant joined in the defence, and the jury returned a verdict against both, for $1,270 12. Upon this verdict a judgment was entered in favor of the plaintiff against *Elvira Hackett*, wife of *William Stephens*, for the whole amount of the verdict, with interest. From this judgment she has appealed.

The two first grounds of defence are fully sustained. The defendant and her brother were born after the date of the will, and under the laws then in force it became void. Part. 6, tit. 1, law 20; tit. 12, law 3. Admitting that the defendants still were under a natural obligation to execute it, and that this natural obligation would be a sufficient consideration for a promise on their part to do so, no promise of the defendant has been shown, and her husband could not make it for her.

The plaintiff has not shown himself entitled to alimony; and the only legal claim he has, is for the value of services rendered. The testimony shows that he attended faithfully to the business of the defendant and her brother, for nine years; that he did every thing in his power to assist their counsel in the prosecution of a long and intricate suit; and that he was successful in securing their rights. The counsel in the cause say that they would not have performed the manual labor performed by the plaintiff for $500. The defendant has received the benefit of that labor, and is bound, in good conscience, to pay for half of it. But the judgment rendered against her is for too large a sum. We

HACKETT
*v.*
STEPHENS.

think $600 a fair compensation for the services rendered to her by the plaintiff.

It is therefore ordered that the judgment in this case, so far as appealed from, be reversed, and that there be judgment in favor of the plaintiff, against the defendant *Elvira Hackett*, assisted by her husband *William Stephens*, for the sum of $600, with legal interest from this date, and the costs of the court below ; those of this appeal to be paid by the plaintiff and appellee.